# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CARLA RAWLINGS, | ) |
| Plaintiff, | ) |
| | ) Case No.: 17-cv-00494-HFS |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| MERGERS MARKETING, INC. | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, Carla Rawlings, and brings the following class action against Defendant, Mergers Marketing, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

## PRELIMINARY STATEMENTS

1. Defendant is a consumer reporting agency (as a "consumer reporting agency" is defined pursuant to the FCRA).

2. Defendant provided a report concerning the Plaintiff to Aerocare Employee Benefits Inc. ("Aerocare") in or about April 2017.

3. The report provided to Aerocare was a consumer report (as a "consumer report" is defined pursuant to the FCRA).

4. Plaintiff brings this action against Defendant for violations of the FCRA.

5. Plaintiff seeks statutory damages, actual damages, injunctive relief, punitive damages, costs and attorneys' fees, and other appropriate relief pursuant to the FCRA.

## PARTIES

6. Plaintiff Rawlings is a resident of Jackson County, Missouri.

7. Defendant is a foreign company doing business in Missouri.

## JURISDICTION AND VENUE

8. This matter was removed from the Circuit Court of Jackson County by the Defendant.

## FACTUAL ALLEGATIONS

9. The consumer report provided by the Defendant to Aerocare contained inaccurate and misleading adverse information concerning the Plaintiff.

10. The inaccuracies contained in the Defendant's report concerning the Plaintiff threaten her livelihood.

11. Based on information and belief, Aerocare took adverse action against the Plaintiff based, in whole or in part, on information contained in the consumer report produced by the Defendant.

12. Prior to producing the consumer report concerning the Plaintiff, the Defendant should have obtained a certification from Aerocare as mandated by 15 U.S.C. §1681b(b)(1).

13. The certification required by 15 U.S.C. §1681b(b)(1) addresses the disclosure requirements an employer must provide a consumer before a consumer reporting agency may provide them with a consumer report.

14. The certification required by 15 U.S.C. §1681b(b)(1) also addresses the requirements an employer must take prior to taking an adverse action based, in whole or in part, on information contained within a consumer report.

15. The Defendant did not obtain a proper 15 U.S.C. §1681b(b)(1) certification prior

to providing the consumer report concerning the Plaintiff to Aerocare.

16. The Defendant's failure to obtain the required certification from the employer placed the Plaintiff at a heightened risk of having her FCRA rights violated.

17. The Defendant's failure to obtain the required certification from other employers placed other consumers at a heightened risk of having their FCRA rights violated.

18. The Plaintiff was not given a proper disclosure that a consumer report would be obtained for employment purposes and also suffered an adverse action in violation of the FCRA. These injuries may be directly attributed to the Defendant's failure to make Aerocare certify that they had abided by the mandates of the FCRA as required by 15 U.S.C. §1681b(b)(1).

19. The report provided by the Defendant contained information about a Lisa Gonzales.

20. Plaintiff is not and has never been known by or gone by the name Lisa Gonzales.

21. The report provided by the Defendant also indicates multiple times that the Plaintiff served 1 YEAR of Jail Time.

22. Plaintiff did not serve 1 YEAR of Jail Time.

23. The multiple listings of 1 YEAR of Jail Time give the appearance that the Plaintiff served 1 YEAR of Jail Time on multiple occasions.

24. Defendant's process of labeling Jail Time is inaccurate and misleading.

25. The appearance that the Plaintiff was placed in jail on multiple occasions is misleading and could costs the Plaintiff employment opportunities.

26. The consumer report lists charges that were dismissed that antedate the consumer report by more than seven years.

27. The consumer report lists a 2008 charge against the Plaintiff that was dismissed.

28. Plaintiff's dismissed charge is not a conviction.

29. The listing of charges against the Plaintiff that were dismissed creates an adverse inference against the Plaintiff.

30. The consumer report produced by the Defendant contains a section identified as **Identity Development**.

31. The information contained in the **Identity Development** section includes Names, Age, Date of Births, Addresses, phone numbers, and address Report Dates.

32. A review of the information contained in the **Identify Development** section makes is appear as if the Defendant takes no time whatsoever to review or otherwise take reasonable steps to insure the accuracy of this material.

33. The information in the **Identify Development** section contains many inconsistencies.

34. The **Identify Development** section identifies seventeen (17) addresses in Plaintiff's consumer report.

35. These addresses are repetitive, misleading, and inaccurate.

36. The **Identify Development** section identifies the Plaintiff as having two dates of birth.

37. Plaintiff does not have and has not claimed to have multiple dates of birth.

38. The **Identify Development** section inaccurately identifies the Plaintiff as living in multiple locations at the same time.

39. The **Identify Development** section identifies Plaintiff as having two (2) middle names.

40. The Plaintiff does not have and has not claimed to have two (2) middle names.

41. The Plaintiff has not lived at seventeen (17) addresses.

42. Defendant's consumer report lists numerous addresses in which the Plaintiff has never lived.

43. The inclusion of numerous inaccurate addresses gives the false impression that the Plaintiff frequently moves from location to location.

44. The addresses reported by the Defendant in which she never lived are adverse to the Plaintiff and antedate the consumer report by more than seven years.

45. To place multiple incorrect addresses in the consumer report is misleading and inaccurate.

46. Of the different addresses listed in the Plaintiff's consumer report, several of the addresses do not belong to the Plaintiff.

47. The consumer report indicates that the Plaintiff's social security number was issued in Arizona

48. The Plaintiff was born in Kansas City and has never lived in Arizona.

49. Plaintiff does not believe her social security number was issued in Arizona.

50. On or about April 19, 2017, Plaintiff called Defendant and asked for a copy of her consumer file.

51. Defendant told Plaintiff that they had previously sent her a copy of her consumer report.

52. Plaintiff informed the Defendant that she was requesting a copy of her consumer file.

53. Plaintiff was told by the Defendant that they did not have a consumer file on the

Plaintiff.

54. In response to the Plaintiff's request for a copy of her consumer file, the Defendant sent the Plaintiff a letter identified as "Full File Disclosure Requests" and accompanying documentation.

55. The letter identified the following items as being enclosed:

- Background Check Report Completed on 4/12/2017
- Copy of your consumer rights
- Copy of the signed Disclosure and Authorization Form provided to us by company
- Copy of Contemporaneous Letter sent to your address listed above on 4-12-2-17
- List of sources where the information came from
- List of recipients who received your information

56. The Defendant's claim that the background check report completed on 4/12/2017 was included in the "Full File Disclosure Requests" is false.

57. The report included with the "Full File Disclosure Requests" is not the same report provided to AeroCare.

58. The report provided to the Plaintiff with the "Full File Disclosure Requests" has been modified from the original report that was sent to AeroCare.

59. The "Full File Disclosure Requests" does not contain the source of information that identified Plaintiff's Social Security Number as being issued out of Arizona.

60. Without a clear indication of who provided the Defendant with information about the Plaintiff, the Plaintiff is unable to contact the source of the information and have it corrected.

61. Defendant's failure to provide Plaintiff with a compliant 15 U.S.C. 1681g disclosure has harmed the Plaintiff.

62. Defendant is aware of the FCRA.

63. Defendant has knowledge that it must comply with the FCRA.

64. Defendant is a consumer reporting agency.

65. As a consumer reporting agency, the Defendant is required to comply with the FCRA.

66. Defendant is required to prepare all consumer reports and make all consumer file disclosures in accordance with the FCRA.

67. Defendant's multiple violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were negligent, reckless, and/or willful.

## CLASS ACTION ALLEGATIONS

68. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

69. Plaintiff asserts the following classes:

   **15 U.S.C. 1681b(b)(1) Certification Class** All individuals who were the subject of one or more consumer reports for employment purposes in which the Defendant failed to obtain a 1681b(b)(1) certification from the end-user immediately prior to producing a consumer report from April 26, 2012, through the conclusion of this matter.

   **15 U.S.C. 1681g Consumer File Class:** All individuals who were denied a compliant copy of their consumer file from April 26, 2015, through the conclusion of this matter.

   **15 U.S.C. 1681c(a)(5):** All individuals who were the subject of one or more consumer reports in which Defendant included inappropriate items of adverse information that antedated the consumer report by more than seven years, from April 26, 2012, through the conclusion of this matter.

   **15 U.S.C. 1681e(b) Jail Time Class:** All individuals who were the subject

of one or more consumer reports in which Defendant identified them as having served a period of Jail Time, for which they did not, from April 26, 2012, through the conclusion of this matter.

**15 U.S.C. 1681e(b) Address Class**: All individuals who were the subject of one or more consumer reports that included an Identity Development section that reported information in a misleading and/or inaccurate manner from April 26, 2012, through the conclusion of this matter.

**15 U.S.C. 1681e(b) Address Class**: All individuals who were the subject of one or more consumer reports that included an address section that reported information in a misleading and/or inaccurate manner from April 26, 2012, through the conclusion of this matter.

### Numerosity

70. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly produces consumer reports on individuals to third parties. Defendant fails to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the reports relate. Defendant fails to provide compliant 1681g consumer file disclosures. Moreover, the only language that could be argued is a 1681b(b)(1) certification obtained by the Defendant, prior to producing a consumer report on the Plaintiff and other class members, is an insufficient and prospective certification contained in the service agreement between itself and employers to whom it provided consumer reports. Plaintiff believes that during the relevant time period, a sufficient number of individuals would fall within the definition of the Putative Class.

### Common Questions of Law and Fact

71. Virtually all of the issues of law and fact in this class action predominate over any questions affecting individual class members. Among the questions of law and

fact common to the class is:

a. Whether Defendant complies with 1681e and follows reasonable procedures to assure maximum accuracy of the information contained in their reports;

b. Whether Defendant complied with 1681b(b)(1) and obtained non-prospective certification from the end-user as required by the FCRA;

c. Whether Defendant complies with 1681c by placing adverse information within the consumer report that antedates the consumer report by more than seven years;

d. Whether Defendant's violations of the FCRA were negligent, reckless, and/or willful;

**Typicality**

72. Plaintiff's claims are typical of the members of the proposed class. Defendant is a consumer reporting agency that produces consumer reports to third parties. Defendant produces the reports in violation of the mandates of the FCRA. The FCRA violations suffered by the Plaintiff are typical of those suffered by other class members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

**Adequacy of Representation**

73. Plaintiff, as a representative of the class, will fairly and adequately protect the interests of the Putative Class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class. A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

### Superiority

74. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Putative Classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

75. This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds that apply generally to the Putative Classes, so that declaratory and/or injunctive relief is appropriate respecting the Classes as a whole.

76. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Putative Classes predominate over any questions affecting only individual members of the Putative Classes, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Classes do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's

practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all Putative Class members' claims in a single forum.

77. Plaintiff intends to send notice to all members of the Putative Classes to the extent required by Rule 23. The names and address of the Putative Class members are available from Defendant's records.

## **VIOLATIONS OF THE FCRA**

78. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

79. Defendant utilizes a generic form that attempts to use a row identifier of Jail Time in place of an individualized description regarding whether an individual served jail time or was issued some other sentence in which no jail time was served.

80. Defendant's inclusion of multiple forms of adverse information that antedate the consumer report by more than seven years violates the FCRA.

81. Defendant violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

82. The Defendant fails to provide consumers with a compliant 1681g file disclosure.

83. The Defendant has failed to obtain anything more than an illegal and insufficient prospective 1681b(b)(1) certification before providing end-users with consumer reports for employment purposes.

84. The Defendant has improperly included adverse information in consumer reports that antedate the consumer report by more than seven years.

85. The manner in which the Defendant includes address information in consumer reports is misleading and inaccurate.

86. Defendant's actions were negligent, reckless, and willful.

87. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff under the provisions of the FCRA.

88. Defendant's negligent, reckless and willful conduct is reflected by, among other things, the following facts:

   a. The statutory text at issue in this case is clear and unambiguous.

   b. Defendant produced a consumer report on the Plaintiff that contained a substantial amount of information that was misleading, inaccurate and improper per the mandates of the FCRA;

   c. Defendant failed to provide the Plaintiff with a copy of all information in her consumer file per her request;

   d. Defendant produced a consumer report that contained information that was not prepared in a manner that it would assure the maximum accuracy of the information being provided regarding the Plaintiff;

   e. The manner in which the Defendant prepares consumer reports results in the Defendant including information that is misleading and/or inaccurate; and

   f. Defendant failed to abide by the FCRA.

89. Plaintiff is entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

90. Plaintiff is also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

91. Plaintiff is further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

   a. Order finding that Defendant committed multiple, separate violations of the FCRA;

   b. Order finding that Defendant acted negligently and/or willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

   c. Order awarding statutory damages and punitive damages as provided the FCRA;

   d. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

   e. Order granting injunctive relief and any other additional further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff has a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-424-1390
Fax: 816-424-1337
brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

       The undersigned certifies that on January 4, 2018, I electronically submitted the foregoing to the Clerk of the Court with notification of such filing by ECF to all Defense Counsel of Record.

                                                /s/ C. Jason Brown
                                                Attorney for Plaintiff